MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

DANIEL R. KALEBA (CABN 223789)
AMBERS S. ROSEN (CABN 160380)
Assistant United States Attorneys

   150 Almaden Boulevard, Suite 900
   San Jose, CA 95113
   Telephone: (408) 535-5061
   Fax: (408) 535-5066
   E-Mail: daniel.kaleba@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) No. CR-12-00887-EJD |
|---|---|
| Plaintiff, | ) STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER RE: DISCOVERY |
| v. | ) SAN JOSE VENUE |
| MARIA GUADALUPE VALENZUELA CASTANEDA,<br>  a/k/a Maria Guadalupe Delatorre,<br>JESUS SALINAS,<br>  a/k/a Jesus Salinas Albor, and<br>PATRICIA DELATORRE, | ) |
| Defendants. | ) |

    With the agreement of the parties, and with the consent of defendants, JESUS SALINAS and PATRICIA DELATORRE, the Court enters the following Order:

    Defendants are charged with: Kidnapping a Minor Victim in Interstate and Foreign Commerce, in violation of Title 18, United States Code, Sections 1201(a)(1), (c) and (g)(1); and Seizure and Detention of a National of the United States, in violation of Title 18, United States Code, Section 1203(a). Pursuant to defendants' requests, and consistent with the confidentiality requirements set forth in Title 18, United States Code, Section 3509(d), the United States will

**Sealing Order**

produce copies of the audio and video recordings of two minors identified in the Indictment as "Child One" and "Child Two" (the "RECORDINGS") to defense counsel, in lieu of making them available for review only, pursuant to the following restrictions:

1. Except when being actively examined for the purpose of the preparation of the defense of defendant, the RECORDINGS shall be maintained in a locked, safe, and secure drawer, cabinet, or safe or password-protected electronic device (e.g., computer, memory stick), which is accessible only to defense counsel, members of his or her law firm who are working with him or her to prepare defendant's defense, and his or her investigator(s). Defense counsel, members of his or her law firm, defendant, and the investigator(s) shall not permit any person access of any kind to the RECORDINGS except as set forth below.

2. The following individuals may examine the RECORDINGS for the sole purpose of preparing the defense of defendant and for no other purpose:

    a) Counsel for defendant;

    b) Members of defense counsel's law office or other individuals working with defense counsel who are assisting with the preparation of defendant's defense;

    c) Defendant, but only in the presence of defense counsel or another authorized person listed in this paragraph, (defendant may not take or maintain the RECORDINGS or copies thereof);

    d) Investigators retained by defendant to assist in the defense of this matter.

If defense counsel determines that additional persons are needed to review the RECORDINGS, he or she must obtain a further order of the Court before allowing any other individual to review the materials.

3. A copy of this Order shall be maintained with the RECORDINGS at all times.

4. All individuals, other than defense counsel and defendant, who receive access to the RECORDINGS, prior to receiving access to the materials, shall sign a copy of this Order acknowledging that:

    a) they have reviewed the Order;

|   |   |   |
|---|---|---|
| | b) | they understand its contents; |
| | c) | they agree that they will only access the RECORDINGS and information for the purposes of preparing a defense for defendant; |
| | d) | they understand that failure to abide by this Order may result in sanctions by this Court. |

Counsel for defendant shall either (1) send signed copies of the Order to counsel for the United States or (2) file signed copies of the Order, *ex parte* and under seal. The United States shall have no access to the signed copies filed under seal without further order of the Court.

5. No other person may be allowed to examine the RECORDINGS without further order of the Court. Examination of the RECORDINGS shall be done in a secure environment which will not expose the materials to other individuals not listed above.

6. The RECORDINGS may be duplicated to the extent necessary to prepare the defense of this matter. Any duplicates will be treated as originals in accordance with this Order.

7. If the RECORDINGS are attached to any pleadings, the RECORDINGS shall be filed or lodged under seal.

8. The defense team shall return the RECORDINGS (and any duplicate copies of the same) to the United States fourteen calendar days after any one of the following events, whichever occurs latest in time: dismissal of all charges against defendant; defendant's acquittal by court or jury; or the conclusion of any direct appeal.

9. After the conclusion of proceedings in the district court or any direct appeal in the above-captioned case, the United States will maintain a copy of the RECORDINGS. The United States will maintain the RECORDINGS until the time period for filing a motion pursuant to 28 U.S.C. § 2255 has expired. After the statutory time period for filing such a motion has expired, the United States may destroy the RECORDINGS. In the event defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide that counsel with a copy of the RECORDINGS under the same restrictions as trial and direct appeal defense counsel. Defendant's attorney in any action under 28 U.S.C. § 2255 shall return the same materials fourteen calendar days after the district court's ruling on the motion or fourteen

calendar days after the conclusion of any direct appeal of the district court's denial of the motion, whichever is later.

Additionally, the defendants acknowledge that they have received through Rule 16 discovery materials that identify the name and personal information of Child One and Child Two. The parties jointly stipulate and request that this Court enter an order, pursuant to Title 18, United States Code, Sections 3509(d)(3) protecting against the public disclosure of the name or personally identifying information of Child One and Child Two during the course of the pretrial proceedings. The parties will address the treatment of such information during any trial at a later date.

STIPULATED:

DATED: May ___, 2013

ROBERT CARLIN
Attorney for Defendant JESUS SALINAS

DATED: May ___, 2013

PETER GOLDSCHEIDER
Attorney for Defendant PATRICIA DELATORRE

DATED: May _Y_, 2013

MELINDA HAAG
United States Attorney

DANIEL R. KALEBA
AMBER S. ROSEN
Assistant United States Attorneys

IT IS SO ORDERED that disclosure of the above-described materials shall be restricted as set forth above.

DATED: May _9_, 2013

~~HONORABLE EDWARD J. DAVILA~~ Paul S. Grewal
United States ~~District~~ Judge
Magistrate

**Sealing Order**  4

calendar days after the conclusion of any direct appeal of the district court's denial of the motion, whichever is later.

Additionally, the defendants acknowledge that they have received through Rule 16 discovery materials that identify the name and personal information of Child One and Child Two. The parties jointly stipulate and request that this Court enter an order, pursuant to Title 18, United States Code, Sections 3509(d)(3) protecting against the public disclosure of the name or personally identifying information of Child One and Child Two during the course of the pretrial proceedings. The parties will address the treatment of such information during any trial at a later date.

STIPULATED:

DATED: May 7, 2013

ROBERT CARLIN
Attorney for Defendant JESUS SALINAS

DATED: May ___, 2013

PETER GOLDSCHEIDER
Attorney for Defendant PATRICIA DELATORRE

DATED: May ___, 2013

MELINDA HAAG
United States Attorney


DANIEL R. KALEBA
AMBER S. ROSEN
Assistant United States Attorneys

IT IS SO ORDERED that disclosure of the above-described materials shall be restricted as set forth above.

DATED: May ___, 2013

HONORABLE EDWARD J. DAVILA
United States District Judge

calendar days after the conclusion of any direct appeal of the district court's denial of the motion, whichever is later.

Additionally, the defendants acknowledge that they have received through Rule 16 discovery materials that identify the name and personal information of Child One and Child Two. The parties jointly stipulate and request that this Court enter an order, pursuant to Title 18, United States Code, Sections 3509(d)(3) protecting against the public disclosure of the name or personally identifying information of Child One and Child Two during the course of the pretrial proceedings. The parties will address the treatment of such information during any trial at a later date.

STIPULATED:

DATED: May ___, 2013

_____
ROBERT CARLIN
Attorney for Defendant JESUS SALINAS

DATED: May 1, 2013

_____
PETER GOLDSCHEIDER
Attorney for Defendant PATRICIA DELATORRE

DATED: May ___, 2013

MELINDA HAAG
United States Attorney

_____
DANIEL R. KALEBA
AMBER S. ROSEN
Assistant United States Attorneys

IT IS SO ORDERED that disclosure of the above-described materials shall be restricted as set forth above.

DATED: May ___, 2013

_____
HONORABLE EDWARD J. DAVILA
United States District Judge

Sealing Order                                4